UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

           Plaintiff,

   v.

STATE OF WASHINGTON, *et al.*,

           Defendants.

CASE NO. 2:23-CV-0689-RJB-GJL

REPORT AND RECOMMENDATION

Noting Date: July 7, 2023

Plaintiff Tommie Slack, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915A, the Court has not identified any viable defendant in his Proposed Complaint. Because no amendment would remedy the deficiencies, the Court recommends this matter be **DISMISSED** without prejudice, and Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Dkt. 7) be **DENIED** as moot.

**I.   BACKGROUND**

Plaintiff is a pretrial detainee currently detained in the Sunnyside County Jail on charges he states are unrelated to the matters alleged in the Proposed Complaint. Dkt. 1-1 at 5. Plaintiff's

REPORT AND RECOMMENDATION - 1

Proposed Complaint seeks damages pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated by his confinement under sentences for eight prior criminal matters between 1990 and 2006. *Id*. at 5–6. Plaintiff contends those convictions, apparently resulting from pleas of guilty to charges of simple possession of controlled substances, were rendered unconstitutional by the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170 (2021).[1] Plaintiff does not allege that the convictions have been reversed, expunged or vacated; however, the Court takes judicial notice that the dockets in many of the identified cases reflect that the judgments were vacated in 2022.[2] *See* [Records Access Portal | KC-Script Portal (kingcounty.gov)](#). (searching for criminal matter nos. 90-1-00833-5, 90-1-02591-4, 96-1-05558-8, 99-1-07327-1, 06-1-10940-2, 11-1-06892-3) (last visited June 15, 2023).

Plaintiff names as Defendants former King County Prosecuting Attorney Daniel Satterberg and the State of Washington, and also appears to name the King County Superior Court and the City of Seattle. *Id*. at 2–3. Plaintiff seeks monetary damages for his loss of liberty while serving his sentences and also seeks to bring monetary damages claims for loss of consortium on behalf of his wife and children. Dkt. 1-1.

## II.  DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

---

[1] In *Blake*, the Washington Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013, was unconstitutional because it criminalized unintentional, unknowing possession of controlled substances. *See Blake*, 197 Wn.2d at 173-74.

[2] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 2

1  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
2  who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
3  152 F.3d 1193 (9th Cir. 1998).

4        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
5  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
6  the violation was proximately caused by a person acting under color of state or federal law. *West*
7  *v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To
8  satisfy the second prong, a plaintiff must allege facts showing how individually named
9  defendants caused, or personally participated in causing, the harm alleged in the complaint. *See*
10 *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.
11 1981).

12 **A.**    **Improper Defendants**

13       Plaintiff names Defendants who are immune or who are not proper Defendants in a
14 § 1983 action.

15       1.    <u>State of Washington</u>

16       Washington State is not a proper defendant in a § 1983 action. Such a claim may only be
17 brought against "persons" acting under color of state law. 42 U.S.C. § 1983. The United States
18 Supreme Court has made clear that states and state agencies are not "persons" subject to suit
19 under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v.*
20 *Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established
21 that under the Eleventh Amendment, a nonconsenting state is immune from suits brought in
22 federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The
23
24

1  State of Washington has not waived its Eleventh Amendment immunity for federal civil rights

2  actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982).

3        The State of Washington cannot be sued under § 1983 and is an improper defendant in

4  this case.

5        2.      <u>Prosecuting Attorney</u>

6        Plaintiff seeks damages from Defendant Daniel Satterberg, who was the King County

7  Prosecuting Attorney during the time Plaintiff was prosecuted for the offenses at issue in his

8  Proposed Complaint. Dkt. 1-1.

9        Prosecutors are entitled to absolute immunity from liability for damages under § 1983.

10 *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor

11 who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793

12 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies

13 even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor

14 whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at

15 427).

16       Here, Plaintiff alleges Defendant Satterberg prosecuted him for violating a statute that

17 was later declared to be unconstitutional. Dkt. 1-1 at 4. Thus, the allegations relate directly to

18 Defendant Satterberg's prosecutorial function. Defendant Satterberg has immunity as prosecutor;

19 therefore, Plaintiff has failed to state a claim against him.

20       3.      <u>King County Superior Court</u>

21       Plaintiff also appears to name the King County Superior Court as a Defendant. Dkt. 1-1

22 at 3.

The King County Superior Court is a state agency as it was established by the Washington State Constitution and is funded by the state government. *See* Wash. Const. art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. Therefore, like the State of Washington itself, the King County Superior Court is not a "person" that can be sued under § 1983 and it cannot be liable for monetary damages. *Will v. Michigan Department of State Police*, 491 U.S. at 64; *Edelman v. Jordan*, 415 U.S. at 662-63.

To the extent Plaintiff may intend to sue the judicial officer(s) who presided over his criminal trials, he has likewise not identified a Defendant subject to suit in this action. It is well established that judicial officers are entitled to absolute immunity for judicial acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity applies even when a judge acts in excess of his or her authority. *Stump*, 435 U.S. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). Presiding over criminal trials is a judicial act which clearly falls within the scope of a judge's official duties. Accordingly, no action lies against any superior court judge as to Plaintiff's criminal trials.

Plaintiff cannot state a claim against the King County Superior Court or its judges.

4. <u>City of Seattle</u>

Plaintiff also appears to name the City of Seattle as a Defendant. Dkt. 1-1 at 2. However, Plaintiff's only allegations pertaining to the City of Seattle appear to allege wrongdoing by the "Seattle Police" (Dkt. 1-1 at 5, 9)—presumably for the actions of individual police officers who arrested Plaintiff for the violations of which he was ultimately convicted.

1       A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

      Here, Plaintiff has not identified any policy of the City of Seattle that violated his rights. Instead, he seems to seek to hold the City of Seattle liable for the acts of individual police officers who arrested him. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

      Moreover, even if Plaintiff could identify a City of Seattle policy or were to bring claims against his individual arresting officers, he could not state a claim against the City of Seattle or the officers upon which relief could be granted. Plaintiff does not claim any Washington State court had held the crime of simple possession of controlled substances was unconstitutional when he was arrested, prosecuted and sentenced during the 1990-2011 time period covered by the convictions at issue in the Proposed Complaint. In fact, the statute was not deemed unconstitutional throughout the time Plaintiff was arrested, charged or served his sentences. It was not until 2021—nearly a decade after Plaintiff's last sentence would have expired—that the Washington Supreme Court decided *Blake* and found RCW 69.50.4013 to be unconstitutional. Because the statute was valid during the entire time period applicable to Plaintiff's arrests,

REPORT AND RECOMMENDATION - 6

convictions and confinement here, Plaintiff cannot establish any police officer, or the City of Seattle, intentionally or knowingly caused Plaintiff to be arrested for a crime they knew was invalid.

Even if Plaintiff were permitted leave to amend his claim against the City of Seattle or to bring claims against individual arresting officers, his claims would fail to state a claim upon which relief can be granted.

**B.     Leave to Amend**

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because Plaintiff has not identified a viable defendant in this action and because, as discussed above, Plaintiff's claims are without merit, the Court finds leave to amend is not warranted.

### III.  CONCLUSION

The Court recommends this action be **DISMISSED** without prejudice and Plaintiff's motion to proceed IFP be **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

REPORT AND RECOMMENDATION - 7

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 7, 2023, as noted in the caption.

Dated this 20th day of June, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8